UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TABATHA NELL THOMPSON,                     CASE NO.   06-61589-CIV-COHN/SNOW

    Plaintiff,

vs.

BRADLEY H. WEISSMAN,

    Defendant.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PROTECTIVE INJUNCTION

THIS CAUSE is before the Court upon Plaintiff's Motion for Summary Judgment [DE 8] and Motion for a Protective Injunction [DE 7].  The Court has carefully considered the Motions and is otherwise fully advised in the premises.[1]

### I.  BACKGROUND

Plaintiff Tabath Nell Thompson filed the instant action against Defendant Bradley H. Weissman alleging false imprisonment pursuant to 42 U.S.C. § 1983.  Plaintiff was a witness in a state court action in which Defendant was the state prosecutor.  Plaintiff claims that in an attempt to procure her testimony on behalf of the State and against her boyfriend who was facing criminal charges, Defendant held her in a room against her will and threatened to charge her with perjury if she did not testify in accordance with his request.

---

[1] On April 19, 2007, this Court issued an Order Granting Defendant's Motion to Dismiss and closing the case once Plaintiff failed to timely respond to the Motion to Dismiss and the Court's subsequent Order to Show Cause why the Motion should not be granted.  Thereafter, on April 30, 2007, the Court received the above-referenced Motions.  The Court ordered Defendant to file a response to the Motions noting that it would consider the Motion for Summary Judgment as a motion for reconsideration of the Court's Order of Dismissal.

## II.  ANALYSIS

### A.  Standard on Motion for Reconsideration

There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted). Because the Plaintiff filed the instant case *pro se*, the Motion must be "liberally construed" and "held to less stringent standards than [motions] drafted by lawyers." Erickson v. Pardus, — U.S. —, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 206 (1976)).

### B.  Prosecutorial Immunity

Even construing Plaintiff's Motions liberally, the Court finds no basis for reopening the case since, under the facts alleged, Defendant is immune from a § 1983 action.  Prosecutors receive absolute immunity for actions taken while performing a prosecutorial function.  Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004).  Such absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  So

long as such acts are within the "scope and territorial jurisdiction of his office," the prosecutor is absolutely immune for an action for damages under § 1983. Elder v. Athens-Clarke Cty., 54 F.3d 694, 695 (11th Cir. 1995). This absolutely immunity includes initiation and pursuit of criminal prosecution and appearances before the court, but does not incorporate circumstances where the prosecutor is functioning as an investigator or complaining witness. Rivera, 359 F.3d at 1353.

In this case, the acts alleged were committed by Defendant while preparing for trial. Defendant was discussing Plaintiff's trial testimony with her. As such, even if Plaintiff has stated a valid cause of action for false imprisonment, the claim must be dismissed in light of Defendant's immunity from suit for actions committed while performing a prosecutorial function.

Plaintiff's Motion for a Protective Injunction must also be denied since the dismissal of the § 1983 claim deprives this Court of jurisdiction over the matter where both parties are Florida residents and there is no longer a federal question at issue.

### III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment [DE 8] is **DENIED**; and

2. Plaintiff's Motion for a Protective Injunction [DE 7] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of July, 2007.

JAMES I. COHN
United States District Judge

copies to:
Tabatha Nell Thompson, Pro Se
David Glantz, AAG